JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHESTER ALLEN CLOW, #19271-047 )
USP )
POB 1000 Plaintiff, )
Marion, IL 62959 )
v. )
)            Case: 1:08-cv-01121
FEDERAL BUREAU OF PRISONS, )     Assigned To : Huvelle, Ellen S.
UNITED STATES PROBATION OFFICE, )   Assign. Date : 6/30/2008
Defendants. )                      Description: FOIA/Privacy Act

## COMPLAINT PURSUANT TO 5 U.S.C. § 552a

COMES NOW, CHESTER ALLEN CLOW, pro se Plaintiff in the above styled action, and respectfully submits this Complaint pursuant to 5 U.S.C. § 552a (Privacy Act of 1974). In support of this Complaint, which seeks injunctive relief, compensatory damages, and punitive damages, Plaintiff repsectfully sumits the following in support:

### A. JURISDICTION

Plaintiff invokes this Court's jurisdiction pursuant to 5 U.S.C. § 552a(g)[1]. Defendant agencies' principle place of business and main offices are located within the District of Columbia. As such, this Court has in personam jurisdiction over the named Defendants.

### B. LIBERAL CONSTRUCTION

Plaintiff is a pro se federal prisoner with little understanding of civil procedures and laws. Plaintiff respectfully requests that this Honorable Court grant its indulgence and construe Plaintiff's pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972).

---

[1] 5 U.S.C. § 552a(g), which allows for civil remedies under the Privacy Act, states, in relevant part: (1) Whenever any agency -- (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to ... the individual may bring a civil action against the ... and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

RECEIVED

MAY 2 9 2008

Clerk, U.S. District and
Bankruptcy Courts

## C.   STANDING

Plaintiff asserts that he has standing to bring this action against both named Defendants pursuant to 5 U.S.C. § 552a(e)(5)[2]. Plaintiff asserts that this standing is predicated upon the fact that there exist inaccuracies in Plaintiff's Presentence Investigation Report ("PSIR"). The PSIR was authored by the United States Probation Office ("USPO") to assist in the imposition of a sentence upon Plaintiff for a conviction on drug and weapons charges in the United States District Court for the District of North Dakota. See United States v. Clow, Case No.1:03-cr-05 -RDE (D.N.Dak., June 13, 2006). Moreover, these inaccuracies in the PSIR are presently being utilized by the Federal Bureau of Prisons ("BOP") in a manner which severely prejudices Plaintiff. Therefore, Plaintiff asserts that he has adequate standing to bring this action against both Defendants. Sellers v. Bureau of Prisons, 959 F.2d 307 (DC Cir. 1992).

## D.   CRIMINAL PROCEEDINGS

Although Plaintiff's underlying criminal conviction is irrelevant to these proceedings, save for the fact that Plaintiff is in fact incarcerated by the BOP, a brief summary of the criminal case is likely warranted here. Plaintiff was charged in a multi-count superceding Indictment in the United States District Court for the District of North Dakota on February 17, 2005. The case was dubbed "Operation Speed Racer" by federal authorities, and it alleged a widespread conspiracy to distribute methamphetamine in North Dakota.

---

[2] 5 U.S.C. § 552a(e)(5) states:  Each agency that maintains a system of records shall -- (5) maintain all records whch are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

Plaintiff entered a plea of guilty as to the 2-counts in the Indictment in which he was charged:  Count 1 - Conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and, Count 2 - Aiding and abetting the use of a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(e).

The USPO prepared the complained of PSIR prior to sentencing. Plaintiff lodged specific objections towards the accuracy of the PSIR in both a memorandum filed with the district court and at the sentencing hearing.  These objections were relevant to the inaccuracies that form the object of the present complaint.  Plaintiff's objections were overruled, and the PSIR was left in its original form.

Plaintiff was sentenced on June 13, 2006 to a total term of 168-months of custody in the BOP.  The sentence reflected two consecutive terms of 84-months as to each count of conviction.

E.    THE INACCURACIES IN THE PSIR

As stated above, the PSIR was prepared by the USPO in Fargo, North Dakota.  The inaccuracies which form the basis for this Complaint are found in the section of the PSIR which deals with the criminal history of Plaintiff.

The specifics revolve around Plaintiff's <u>Alford</u> plea to Fourth Degree Assault, a misdemeanor, on February 2, 1994, in Spokane County, Washington.  <u>State of Washington v. Clow</u>, Crim. No. 932204, D.Ct. Spokane County; See Complaint, attached as Exhibit A.  The inaccuracy in the PSIR is attributable to the fact that Plaintiff was originally charged with Second Degree Rape, a felony, when he was arrested by

3

Spokane County police. After Plaintiff was in custody, an Information was prepared charging Plaintiff with Second Degree Rape, in violation of R.C.W. § 9A.44.050(1)(a)-F. Exhibit B. Importantly, the case was assigned a specific criminal case number, that being 93101766-0. Id. The case was entirely based upon the sworn affidavit of various Spokane County police who had interviewed an alleged rape victim, Julie L. Despain. Exhibit C. Again, the case number heading the affidavit is 93101766-0. Id.

The problem ensues from the fact that Case No. 93101766-0 was dismissed with prejudice based upon a motion for such made by the Spokane County prosecutor. See ORDER OF DISMISSAL, Case No. 93-1-01766-0, June 5, 1995, the Honorable Michael E. Donohue, Superior Court Judge, Spokane County, Washington, Exhibit D. The court made specific findings of fact that "[g]ood cause exists to grant the motion [to dismiss]." Id. Furthermore, the court ordered "[t]he information is hereby dismissed with prejudice." Id.

Plaintiff never faced these charges. The police reports remain as wholly unsubstantiated hearsay. Plaintiff was not allowed to face his accusers or challenge the veracity of their testimony under the crucible of cross-examination. In fact, these allegation remain bald assertions which were never proven in any fashion, much less beyond a reasonable doubt.

Plaintiff did, however, enter an _Alford_ plea in the District Court of the State of Washington in Complaint No. 932204. Exhibit E. As stated above, this case charged Plaintiff with Fourth Degree Assault, in violation of R.C.W. § 9A36.041GM. This is a gross misdemeanor, and the charge had no element of forcible sexual contact

stated or implied.  While the Complaint does refer to the initial police report which led to the arrest, the allegations in the report again were untested and wholly irrelevant to the charged offense. In fact, the Superior Court had clearly found that good cause existed to dismiss the rape charge with prejudice.    Hence, the police report's reliability  is undeniably suspect.

Plaintiff was sentenced to a total term of 365 days of jail, with 241 days suspended, and full credit applied for the 124 days Plaintiff had already been in jail awaiting disposition.  Exhibit F.  This meant that Plaintiff was immediately released from jail upon acceptance of his plea to Fourth Degree Assault.  A $500.00 fine was also suspended.  Id.  Plaintiff was also placed on 24 months of unsupervised probation.  Id.  In short, Plaintiff left the county jail under the assumption that the baseless charges were behind him, and he could reenter society as someone who had <u>not</u> been convicted of a sex crime.

Some 12-years later, plaintiff was shocked to be proven wrong by the U.S. Probation Officer who prepared the PSIR in his current federal drug crime.  The probation officer, Jim Corbid, presented the PSIR to the district court and included the bald allegations of forcible second degree rape which had never been proven.  In fact, what Corbid did was to bootstrap unsubstantiated hearsay and innuendo as being the factual represetation of what occurred in Case No. 932204.  See PSIR, Page 31, Paragraph 136 and 137, Exhibit G. This occurred when Corbid included the testimonial hearsay statements found in Police Report 93-81533 (Exhibit C) as if they had been proven in open court as the basis of the misdemeanor assault.

5

Nothing could be further from the truth. These statements are clearly the testimonial hearsay statements of government officials who were seeking an arrest warrant. Crawford v. Washington, 541 U.S. 36 (2004). The reliability of the statements has been proven in no way whatsoever. Plaintiff asserts that they amount to wholly inaccurate information which the Defendant agencies refuse to correct in their retained files.

This inaccurate information found within Plaintiff's PSIR thereby forms the basis of the Complaint pursuant to 5 U.S.C. § 552a(e)(5).

### F.  CLAIM OF INJURY IN FACT

Plaintiff asserts that, due to the above enumerated inaccuracies found within the PSIR, that he has suffered various injuries in fact. These injuries inexorably led from the claimed inaccuracies in the PSIR.

First, Plaintiff, while serving time at the Federal Correctional Institute in Leavenworth, Kansas was assessed a Public Safety Factor ("PSF") as a "Sex Offender." BOP Policy Statement 5100.08, Chapter 5, Page 8 . This determination was based entirely upon the PSIR and its reference to the Washington State misdemeanor case. See also Plaintiff's BOP Administrative Remedy responses, Exhibit H.

Second, this determination by Defendant BOP had clear and demonstrable adverse impact upon Plaintiff. Plaintiff, who has never been convicted of a sex offense, has been placed in great danger

of being physically assaulted by other inmates as a result of the BOP's having imposed upon Plaintiff a classification as a "sex offend-er." Unfortunately, the threat of serious injury or even death at the hands of another inmate due to this spurious PSF is the least of Plaintiff's injuries here.

Immediately  prior to the placement of the PSF by Leavenworth staff, Congress passed the Adam Walsh Child Protection and Safety Act ("Walsh Act") (Public Law 109-248), enacted July 27, 2007.  The Walsh Act allowed for the indefinite civil commitment of those federal inmates who were designated as "sex offenders" under Policy Statement 5100.08.  18 U.S.C. § 4248.  See also, <u>United States v. Comstock</u>, 507 F.S.2d 522 (E.D.N.C. 2007).  Plaintiff immediately filed his initial BOP Administrative Remedy, commonly known as a BP-09, with FCI-Leavenworth staff, complaining that he had never been convicted of a sex crime.

The BOP answered Plaintiff's complaint regarding the placement of the "sex offender" PSF on March 3, 2007.  In this reponse, Warden Duke Terrell states that, based upon "Page 31, Paragraph 136 and 137" of the PSIR, "you will continue to be classified with the public safety factor of sex offender.  Additionally, under the Walsh Act you will be reviewed for possible civil commitment."  Exhibit H, BP-229 Response, Duke Terrell, Warden, March 2, 2007.

Immediately after filing this administrative remedy, Plaintiff was transferred to the new Federal Correctional Institute in Marion, Illinois ("FCI-Marion").  (FCI-Marion, which had previously housed an ultra-high security, 23-hour lockdown facility has been converted in April of 2007 into a prison with the Walsh Act "Sex Offender

7

Management Program ("SOMP"), which seeks to develop evidence against federal inmates scheduled for civil commitment; see Exhibit I.)

Plaintiff was amongst the first 150 prisoners sent from FCI-Leavenworth to FCI-Marion for placement in SOMP. Plaintiff's Inmate Classification Data Sheet ("ICDS") unequivocally states that Plaintiff was sent to USP-Marion for this purpose. Exhibit J. Thus, BOP officials immediately made good on their threat to attempt to civilly commit Plaintiff, quite possibly for life, based on the unsubatantiated testimonial hearsay police statements which were offered in a case that had been dismissed with prejudice for good cause.

Plaintiff has suffered irreparable harm as the result of this adverse use of inaccurate information in his PSIR. As stated above, Plaintiff is a labeled and targeted "sex offender" in federal prison. Plaintiff is under constant threat of violence. This has had, and will continue to have, deep psychological and emotional impact upon Plaintiff. Plaintiff is unable to sleep and is suffering from serious nervous and anxiety symptoms since the BOP placed the PSF on Plaintiff's ICDS.

The continued existence of the PSF only exacerbates the tortious nature of Defendant's actions. Every day that goes by with the potential Sword of Damocles embodied in lifetime civil commitment adds to the real, measurable, and in-fact harm and injury suffered by Plaintiff as a result of the inaccurate information found within the complained of PSIR.

## G.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In an abundance of caution, Plaintiff asserts that his administrative remedies have been exhausted as to each of the named agency

Defendants. <u>Cargill v. Marsh</u>, 902 F.2d 1006 (D.C. Cir. 1990). Plaintiff first completed his BOP administrative remedy process by obtaining rejection of his Central Office Administrative Remedy Appeal (commonly known as a BP-11, or BP-231(13) form). Exhibit H.

After completing the BOP remedy process, Plaintiff sent a letter seeking amendment of the PSIR by the USPO in Fargo, North Dakota. Exhibit K. In this letter, Plaintiff clearly announces that he is seeking to have inaccuracies in his PSIR removed, and is seeking to exhaust his only known administrative remedy with the USPO. Id. This letter was answered in an official letter from Jim Corbid, U.S. Probation and Pretrial Services Officer on January 2, 2008. Id. In this letter, Jim Corbid unequivocally refuses to amend or otherwise alter the PSIR. Id.

Plaintiff thereby positively avers that his administrative remedies are completely exhausted as to both named agency Defendants.

## H.  RELIEF AND DAMAGES

Plaintiff seeks injuctive relief, as well as compensatory and punitive damages against both named Defendants.

Plaintiff requests this Honorable Court to grant him injunctive relief as to the USPO, in that the USPO be ordered to excise the entirety of Paragraph 136 and 137 on Page 31 of the PSIR. Plaintiff seeks this order as the information is unreliable, inaccurate, and based uopn completely unsupported testimonial hearsay.

Plaintiff further seeks injunctive relief as to the placement of the PSF by Defendant BOP. Plaintiff requests that this Honorable Court order the BOP to remove the PSF from Plaintiff's inmate custody data in its entirety for the same reasons addressed above.

Plaintiff requests that this Honorable Court award damages amounting to $500,000.00 (Five hundred thousand dollars and no cents) as to the tortious acts of both named Defendants, to be split in a ratio comensurate with each Defendant's involvement with the Tort. Plaintiff seeks this award for the severe psychological trauma and physical danger created by placement of the PSF based on the inaccurate information which is found in the PSIR. The tort involves the threat of violence due to the PSF, the trauma caused by the threat of indefinite civil commitment, and the damage to the reputation of Plaintiff in general.

Plaintiff also requests that this Court award punitive damages in the amount of $500,000.00 (Five hundred thousand dollars and no cents) as a sum total for the above referenced tortious acts. Plaintiff asserts that such a punitive award is fair and just in light of the fact that the named Defendant's have willfully and recklessly labeled Petitioner a Sex Offender without evidence to support such a finding. Damages ensure Defendants will cease and desist in their unconstitutional behavior and actions. See Comstock, supra, for a detailed description of the constitutional overbreadth of the civil commitment procedures enacted by the BOP in the wake of the Walsh Act.

## I.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant him the releif requested in this Complaint.

Respectfully submitted by:

_____

Chester Allen Clow, pro se
Reg. No. 19271-047
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois  62959

## CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing was mailed, U.S. First Class postage prepaid, on this, the _21_ day of ____May____, 2008, addressed to the following:

Federal Bureau of Prisons
Office of General Counsel
320 First Street, N.W.
Washington, D.C. 20001

and

United States Probation Office
333 Constitution Avenue, N.W.
Room 2800
Washington, D.C. 20001

I hereby certify that the above statement is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

So Sworn and Exectued on this, the _21_ day of ____may____, 2008, by:

_____

Chester Allen Clow

Bail $_____

## IN THE DISTRICT COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF SPOKANE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | COMPLAINT |
| Plaintiff, | ) | NO. _93 22C c /_ |
| | ) | |
| | ) | DAWN C. CORTEZ |
| v. | ) | Deputy Prosecuting Attorney |
| | ) | |
| | ) | DAWN C. CORTEZ |
| CHESTER ALLEN CLOW, | ) | Complaining Witness |
| also known as PHILLIP COX, | ) | |
| WM 070468 | ) | PA #   93-9-86084-1 |
| JACK OWEN SPILLMAN, III, | ) | RPT#   01-93-81533-1 |
| WM 083069 | ) | |
| Defendant(s) | ) | RCW   CT I: 9A.36.041GM |
| | ) | (#05433) CLOW aka COX ONLY) |
| | ) | CT II: 9A.36.041GM(#05433) |
| | ) | (SPILLMAN ONLY) |

The plaintiff, State of Washington, charges the above-named defendant(s) with the following crime(s):

COUNT I:  FOURTH DEGREE ASSAULT, committed as follows:  That the defendant, CHESTER ALLEN CLOW also known as PHILLIP COX, in Spokane County, Washington on or about between September 30, 1993 and October 1, 1993, did intentionally assault Julia Despain,

COUNT II:  And the Prosecuting Attorney, as aforesaid, further charges the defendant, JACK OWEN SPILLMAN, III, with the crime of FOURTH DEGREE ASSAULT, committed as follows:  That the defendant, JACK OWEN SPILLMAN, III, in Spokane County, Washington on or about between September 30, 1993 and October 1, 1993, did intentionally assault Julia Despain,

I certify under penalties of perjury that I have reasonable grounds to and do believe that the above person(s) committed the above offenses contrary to law.

DATED this 1st day of February , 1994.

_Dawn C. Cortez_                    _195268_                    **08 1121**
Deputy Prosecuting Attorney     WA St. Bar ID#                  **FILED**

                                                                JUN 3 0 2008

                          EXHIBIT A 1 OF 1   **Clerk, U.S. District and**
                                             **Bankruptcy Courts**

FILED

OCT 2 2 1993

THOMAS R. FALLQUIST
SPOKANE COUNTY
CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

STATE OF WASHINGTON, )
                           )
            Plaintiff, )     **INFORMATION**
                           )
    v.                     )     NO. **93101766-0**
                            )
                            )    DAWN C. CORTEZ
CHESTER ALLEN CLOW         )    Deputy Prosecuting Attorney
WM 070468                   )
Also known as            )
Phillip Cox               )    PA#  93-9-86084-1
JACK OWEN SPILLMAN, III (ACC) )   RPT#  01-93-81533-1
WM 083069                   )    RCW  9A.44.050(1)(a)-F (#67305)
        Defendant(s),  )        (CLOW ONLY)
                            )    RCW  9A.44.050(1)(a)AC-F (#67307)
                            )        (SPILLMAN ONLY)

      Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendant(s) with the following crime(s):

SECOND DEGREE RAPE, committed as follows:  That the defendant(s), CHESTER ALLEN CLOW, also known as Phillip Cox, and JACK OWEN SPILLMAN, III, as an accomplice, in Spokane County, Washington, on or about between September 29, 1993 and October 2, 1993, did engage in sexual intercourse by forcible compulsion with Julie Despain,

_Dawn C. Cortez_
Deputy Prosecuting Attorney         _19568_
                                     WA St. Bar ID#

08 1121
**FILED**

JUN 3 0 2008

**Clerk, U.S. District and
Bankruptcy Courts**

JASS

EXHIBIT B 1 OF 1

DONALD C. BROCKETT
Spokane County Prosecuting Attorney
County-City Public Safety Building
Spokane, WA  99260

FILED

OCT 22 1993

PROSECUTOR_____   REPORT NO. __93 81533__

SUMMARY OF FACTS:                     THOMAS R. FALLQUIST
                                      SPOKANE COUNTY
                                         CLERK

State of Washington)          Jack O. Spillman, w/m, DOB 08-30-69
                   )   ss.    Chester A. Clow, w/m, DOB 07-04-68
County of Spokane  )          aka Phillip R. Cox, w/m, DOB 10-01-68

        The undersigned, being competent to testify and sworn on oath, deposes
and testifies that he believes a crime was committed by the defendant/
defendants in the County of Spokane, State of Washington, because:

        JULIE L. DESPAIN will testify that on 09-30-93, she was at the Lamp
Post Tavern in downtown Spokane, where she contacted 2 subjects, later
identified as Jack O. Spillman and Chester A. Clow, the defendants; that
the 2 defendants offered her a ride home and she agreed to take the ride;
that while enroute to her residence, they asked her if she wanted to go to
a place that had karaoke music and sing karaoke; that she indicated that
she would as long as they agreed to take her home afterward; that the de-
fendants indicated they needed to stop by their trailer, and that she con-
tinued to agree to go along with them; that once at the trailer, they went
inside and after a few moments she indicated that she thought they should
leave; that the defendant who was wearing the glasses who was later identi-
fied as Chester Clow, aka Phillip Cox, forced her down on the bed while the
other defendant, Spillman, held her down by placing his hands on her shoul-
ders; that the defendant Clow removed his clothing and that he then pulled
up her dress and then inserted his penis inside of her vagina; that she at-
tempted to resist the advances of both defendants, but she was unable to
overcome the force the defendants were using; that at this point she felt
like she had to comply with the defendants out of a fear that she would be
harmed if she didn't; that she felt the defendant Clow ejaculate and then
get off of her; that the defendant Spillman then released his hold on her
and walked toward the bathroom in the trailer; that when the defendant
Spillman went to the bathroom, she got up, ran out of the trailer, ran
across the street to a truck stop, where she requested assistance and that
the police be called; that she left the trailer in such a rapid fashion
that she left behind her shoes that were taken off of her, as well as her
purse, cigarette case, and ID; that she also thought a pair of white flow-
ered underwear was also left behind in the trailer; that she was taken to
Deaconess Hospital for a rape exam; that while at Deaconess Hospital she
was advised by Patrol deputies that 2 subjects were in custody; that
deputies returned her to the scene, where she positively identified both
defendants as the subjects that picked her up at the tavern and sexually
assaulted her; that while defendant Clow was having intercourse with her,
defendant Spillman was attempting to "french kiss" her; that this incident
happened in Spokane County, Washington.

        DEPUTY DON NELSON can testify to the facts contained in his original
report.

        DEPUTY JAY BAILEY can testify to the facts contained in his additional
report.

        DEPUTY TERRY LILJENBERG can testify to the facts contained in his ad-
ditional report.

08 1121

FILED

JUN 3 0 2008

EXHIBIT C 1 OF 2

Clerk, U.S. District and
Bankruptcy Court

October 4, 1993                    Page 3                Report #93 81533

   DETECTIVE JERRY HENDREN can testify that he responded as requested to the scene; that he contacted both defendants Spillman and Clow; that he assisted Detective Routt in interviewing both defendants; that a search warrant was prepared for the defendants' vehicle, a 1972 Ford pickup, and the travel trailer, a 1969 15' Bell trailer; that he assisted in the execution of the search warrant on 10-01-93, and to the facts contained in his additional report.

   DETECTIVE D.A. ROUTT can testify that he also responded to the scene as requested; that he contacted both defendants; that defendant Spillman was advised of his Constitutional Rights, which at first he agreed to waive; that when Spillman was advised that an accusation of Second Degree Rape was being made against him, Spillman indicated he wanted an attorney, and no more questions were asked; that defendant Clow was interviewed; that Clow gave the name of Phillip R. Cox; that the defendant Clow indicated they had picked a woman up at a tavern in downtown Spokane; that Clow said they were going to give the woman a ride home, but there were going to go find karaoke music first; that Clow admitted prior to going to a karaoke bar they indicated they needed to stop by their trailer to pick up some cigarettes; that defendant Clow admitted to bringing the female in the trailer; that the defendant Clow admitted to having sexual intercourse with the female; that the defendant Clow admitted all of the sudden, for some unknown reason, the female decided she wanted to leave the trailer and quickly ran out of the trailer, across the parking lot, and into the truck stop; that he assisted Detective Hendren in preparing a search warrant for a 1972 Ford pickup, orange in color, and a 1969 Bell 15' travel trailer; that the search warrant was served on the vehicles at the City/County Vehicle Processing Station, where they were impounded; that located inside the trailer were the victim's shoes and purse with identification; that also seized were seat cushions in the bed area of the trailer that indicated possible presence of seminal fluid; that seized from the pickup were cigarettes that were located on the front seat of the pickup; that he prepared the necessary facts for this affidavit asking that both defendants be charged with one count of Second Degree Rape.

                                   _____

SIGNED AND SWORN TO (or affirmed) before me this 4th day of October, 1993.

                          _____
                          District Court Judge/Commissioner/Notary
                          Public in and for the State of Washington,
                          Spokane County.
                          My Commission Expires: _____

Prepared by   Detective D.A. Routt
Approved by   _____
pjt

EXHIBIT C 2 OF 2

(Clerk's Date Stamp)

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF SPOKANE

FILED

JUN 0 5 1995

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

State of Washington

— Plaintiff(s)

vs.

Chester A. Crow

Defendant(s)

CASE NO. 93-1-01766-0

ORDER of Dismissal

### I. BASIS

The State _____ moved the court for: _____ an order dismissing the Information as the defendant entered a guilty plea in District Court

### II. FINDING

After reviewing the case record to date, and the basis for the motion, the court finds that:

Good cause exists to grant said motion

### III. ORDER

IT IS ORDERED that: The Information herein be dismissed with prejudice

Dated: 6/5/95

Presented by:

_____

08 1121

FILED

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

Judge

MICHAEL E. DONOHUE

EXHIBIT D 1 OF 1

# IN THE DISTRICT COURT OF SPOKANE COUNTY, WASHINGTON

☑ County of Spokane
☐ City of Spokane

_State of Washington_ Plaintiff

vs.

_Chester Clow DOB 2-4-08_
_AKA Phillip Cox_ Defendant

CASE No. _-132204_
~~93-1-01700-0~~

## STATEMENT OF DEFENDANT
## ON PLEA OF GUILTY

1. My true name is _Chester Clow_
2. My age is _25_.
3. I went through the _12th_ grade.
4. I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT:
   (a) I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is _A Martin_
   (b) I am charged with the crime of _4th Degree Assault_
   The elements of this crime are _Set forth in the_
   _Complaint_
5. I HAVE BEEN INFORMED AND FULLY UNDERSTAND THAT I HAVE THE FOLLOWING IMPORTANT RIGHTS, AND I GIVE THEM ALL UP BY PLEADING GUILTY:
   (a) The right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed.
   (b) The right to remain silent before and during trial, and the right to refuse to testify against myself.
   (c) The right at trial to hear and question the witnesses who testify against me.
   (d) The right at trial to have witnesses testify for me. These witnesses can be made to appear at no expense to me.
   (e) I am presumed innocent until the charge is proven beyond a reasonable doubt or I enter a plea of guilty.
   (f) The right to appeal a determination of guilt after a trial.
6. IN CONSIDERING THE CONSEQUENCES OF MY GUILTY PLEA, I UNDERSTAND THAT:
   (a) The crime with which I am charged carries a maximum sentence of _365_ days in jail and a $ _5000.00_ fine.
   (b) The crime of _____ has a mandatory minimum sentence of _____.
   The law does not allow any reduction of this sentence.
   [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]
   (c) The plea of guilty will result in suspension or revocation of my driver's license by the Department of Licensing. If I have a driver's license, I must now surrender it to the judge. [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]
   (d) The judge may require me to pay costs, fees and assessments authorized by law. The judge may also order me to make restitution to any victims who lost money or property as a result of crimes I committed. The maximum amount of restitution is double the amount of the loss of all victims or double the amount of my gain.
   (e) If this crime involves a sexual offense, prostitution, or a drug offense associated with hypodermic needles, I will be required to undergo testing for the human immunodeficiency (AIDS) virus.
   [If not applicable, this paragraph should be stricken and initialed by the defendant and the judge.]
   (f) The prosecuting attorney will make the following recommendation to the judge: _Second Rape, up to one year jail_   _Dismissal_
   (g) The judge does not have to follow anyone's recommendation as to sentence. The judge is completely free to give me any sentence up to the maximum authorized by law no matter what the prosecuting authority or anyone else recommends.

08 1121

FILED JUN 3 0 2008 Clerk, U.S. District and Bankruptcy Courts

(h) If I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

7. I plead ___Guilty___ to the crime of __4TH Assault__ as charged in the complaint or citation and notice. I have received a copy of that complaint or citation and notice.

8. I make this plea freely and voluntarily.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. The judge has asked me to state briefly in my own words what I did that makes me guilty of this crime. This is my statement:

___I ____ D ___ ____ ___
_____
_____
_____
_____

12. My lawyer has explained to me, and we have fully discussed, all of the above paragraphs. I understand them all. I have been given a copy of this "Statement of Defendant on Plea of Guilty." I have no further questions to ask the judge.

_____
DEFENDANT

I have read and discussed this statement with the defendant and believe that the defendant is competent and fully understands the statement.

_____              _____
PROSECUTING ATTORNEY                   DEFENDANT'S LAWYER

The foregoing statement was signed by the defendant in open court in the presence of the defendant's lawyer and the undersigned judge. The defendant asserted that [check appropriate box]:

☑ (a) The defendant had previously read; or
☐ (b) The defendant's lawyer had previously read to him or her; or
* ☐ (c) An interpreter had previously read to the defendant the entire statement above and that the defendant understood it in full.

I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual basis for the plea. The defendant is guilty as charged.

Dated this ____2____ day of ___FEBRUARY__, 19 94.

_____
JUDGE

*I am fluent in the _____ language and I have translated this entire document for the defendant from English into that language. The defendant has acknowledged his or her understanding of both the translation and the subject matter of this document. I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this _____ day of _____, 19_____.

_____              _____
LOCATION                               INTERPRETER

**DISTRICT COURT, SPOKANE COUNTY, WASHINGTON**   P 932204

SPOKANE COUNTY
STATE OF WASHINGTON
vs.

VIOLATION DATE
9/29/93

7° Assault

COUNT 1 _____
COUNT 2 _____
COUNT 3 _____
COUNT 4 _____     INFRACTION FILED     10-5-93
AMENDED COMPLAINT _____     INFRACTION DISENGAGED   /   /
                                            RESPOND BY           /   /

1ST APPEAR./ARRAIGN.   /   /   ____   CONT.   /   /   ____   NOTICE OF APP.   /   /
                              (TIME)                  (TIME)

JURY WAIVED   /   /   COUNSEL WAIVED   /   /   P.D. APPTD.   /   /   NOTICE OF APP.   /   /

| | | | | | | |
|---|---|---|---|---|---|---|
| COUNT 1 | PLEA | G ☐ | NG ☐ | FINDING | G ☑ | NG ☐ | D ☐ | BF ☐ |
| COUNT 2 | PLEA | G ☐ | NG ☐ | FINDING | G ☐ | NG ☐ | D ☐ | BF ☐ |
| COUNT 3 | PLEA | G ☐ | NG ☐ | FINDING | G ☐ | NG ☐ | D ☐ | BF ☐ |
| COUNT 4 | PLEA | G ☐ | NG ☐ | FINDING | G ☐ | NG ☐ | D ☐ | BF ☐ |

REASON FOR DISMISSAL: _____
                                            VERDICT ENTERED:   1-8-94

TYPE OF HEARING:       DATE:       TIME:
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____
_____   /   /   _____ on _____ Motion Reason _____ Judge _____

SENTENCE DATE:   /   /

COUNT 1   FINE $ 500   SUSP. $ 500   DAYS IN JAIL 365   SUSP. 241
COUNT 2   FINE $ _____   SUSP. $ _____   DAYS IN JAIL _____   SUSP. _____
COUNT 3   FINE $ _____   SUSP. $ _____   DAYS IN JAIL _____   SUSP. _____
COUNT 4   FINE $ _____   SUSP. $ _____   DAYS IN JAIL _____   SUSP. _____

SENTENCE TO INCLUDE COSTS ☐            CONCURRENT ☐   CONSECUTIVE ☐
FINES AND COSTS SUSPENDED - INDIGENT ☐  CREDIT TIME SERVED ☑ DAYS 124
PAYABLE IN _____ MONTHLY INSTALLMENTS  SERVE WEEKENDS ☐   WORK RELEASE ☐
STARTING _____ AND THE _____     PAY OR SERVE ☐
OF EACH MONTH THEREAFTER.               JAIL REPORT DATE   /   /

**08 1121**

**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

Suspension on condition of good behavior, no further violation of the laws of the State of Washington or any political
sub-division thereof, payment of restitution of $ _____ by _____ and _____ months of
probation. ☒ UNSUPERVISED ☐ SUPERVISED ☐ ALCO-REHAB.; and the following additional terms: _____

_____

EXHIBIT F 1 OF 1

Sentence Deferred for _____ Mo. on Above Conditions.   Deferred Completed;  Dismissal Entered

BP-S757.013    **INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**
AUG 02        **PRESENTENCE REPORT AND/OR STATEMENT OF REASONS** CDFRM
U.S. DEPARTMENT OF JUSTICE
                                                    FEDERAL BUREAU OF PRISONS

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of action or appeal (indicate current case caption, docket no., judicial district, etc.):


My current cause of action or appeal is (check all that apply):

_____    A direct appeal of my original criminal conviction or sentence (filed with the U.S. Court of Appeals);

_____    An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filed with sentencing court or U.S. Court of Appeals); or

___X___   Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):


As part of my current cause of action or appeal, I request the court consider my Pre-Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where necessary, from my **underlying criminal case**, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):


This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature  *Chster Clow* | Inmate Printed Name  CHEStER A. CLOW |
|---|---|
| Reg. No.  19271-047 | Date Signed  5-20-08 | Institution Address  P.o. Box 1000  Marion, IL. 62959 |

---

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to **ATTACH** to any court action where, as part of your cause of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicated, and submit it as an **ATTACHMENT** to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR you believe relevant to your case.

(This form may be replicated via WP)

EXHIBIT G 1 OF 1

08 1121
**FILED**

JUN 3 0 2008

**Clerk,** U.S. District and
Bankruptcy Courts

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

_____
DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                     CASE NUMBER: _____

Part C- RECEIPT

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

08 1121
FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

EXHIBIT H 1 OF 6

**BP-229 RESPONSE**

Case Number: 443624-F1

Name: CLOW, Chester
Reg. No.: 19271-047
Unit: BL

Your Request for Administrative Remedy (BP-229), dated February 18, 2007 and received in this office on February 23, 2007, has been reviewed. Specifically, you state you want to be removed from the public safety factor of sex offender. You contend your conviction is a result of a falsified police report. You allege this conviction should not be considered a violent or sexual offense.

A review of the issue(s) you raised in your BP-229 has been conducted. The review revealed your Pre-sentence Investigation, Page 31, Paragraph 136 and 137, you were found guilty of 4th Degree Assault in the Spokane County District Court, Spokane Washington, Docket #F932204. You were convicted and sentenced to 365 days jail and a $500 fine. The offense conduct reveals you and another individual offered a ride to a woman from a local tavern. Once the victim was inside your vehicle, you lured her to your trailer home. Once inside the trailer, you forced her down on the bed and your co-defendant held her down. You removed your clothing and pulled the victim's dress up, at which time you penetrated her vagina with your penis. The victim complied with your orders for fear of being hurt. You contend in your BP-229, that the victim recanted her statement. The last sentence in your PSI, Page 31, Paragraph 137, states, "It should be noted there is no information to verify the victim recanted her statements."

Based on this offense conduct you will continue to be classified with the public safety factor of sex offender. Additionally, under the Walsh Act you will be reviewed for possible civil commitment.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____
Duke Terrell, Warden

_3/2/07_
Date

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: CROW, CHESTER          14271-047        Y112       FCI-MARION
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT       INSTITUTION

Part A - REASON FOR APPEAL. I AM WRITING THIS REGIONAL ADMINISTRATIVE REMEDY APPEAL IN
RESPONSE TO AR CASE # 443624-F1 IN MY ORIGINAL BP-C9 TO USP LVN, I ASSERTED
THAT MY UNIT TEAM IMPERMISSIBLY PLACED A "SEX OFFENDER" PSF ON MY
CLASSIFICATION FORM. MY CURRENT OFFENSE IS FOR CONSPIRACY TO POSSESS
METHAMPHETAMINE, IN VIOLATION OF 21 USC § 841 (a)(1) & USE OF A FIREARM IN A
DRUG TRAFFICKING CRIME, IN VIOLATION OF 18 USC § 924 (c)(1)(A). THESE ARE
NOT SEX OFFENSES, AND THIS PSF VIOLATES SIMMONS V NASH, 361 F.Supp.2d
523 (D.C. NJ 2005). I HAVE NEVER BEEN CONVICTED OF A SEX CRIME AND
SUCH A DESIGNATION VIOLATES SUBSTANTIVE & PROCEDURAL DUE PROCESS.
EVIDENTLY, USP LVN STAFF PLACED THE PSF ON MY CLASSIFICATION DUE TO
A PRIOR STATE CONVICTION FOR 4TH DEGREE ASSAULT AND NOW BOP OFFICIALS
ARE THREATENING ME WITH CIVIL COMMITMENT UNDER 18 USC § 4248.

_____  PLEASE REMOVE THIS FALSE PSF IMMEDIATELY  _____
        DATE                                                      SIGNATURE OF REQUESTER

Part B - RESPONSE

MAY 1 2007
_____
      DATE                                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

Part C - RECEIPT
                                                       CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG NO.        UNIT       INSTITUTION

_____
      DATE                                             EXHIBIT H3 OF 6
                                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

**Admin Remedy Number:** 443624-R1

This is in response to your Regional Administrative Remedy Appeal, in which you indicate that the Public Safety Factor (PSF) of Sex Offender was placed on you for a prior state conviction of Fourth Degree Assault. You contend the PSF should not apply.

We have reviewed your appeal and determined the Warden's response adequately addresses your concerns. Program Statement 5100.08, <u>Security Designation and Custody Classification Manual</u>, indicates that the PSF should be entered based on the current term of confinement or prior history. In your case, your Pre-sentence Investigation Report (PSIR) indicates, you were originally charged with Forcible Rape in the Second Degree, however, this charge was amended to Fourth Degree Assault. Your PSIR indicates you forced the victim down, removed your clothing, raised her dress and penetrated her. Although the charge was amended, the PSF is appropriate and will not be removed.

Your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_4/26/07_
Date

Michael K. Nalley, Regional Director

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Clow, Chester__ _____ __19271-047__ ___ __Y01-115L__ ___ __USP-Marion__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** This Central Office Administrative Remedy Appeal regards AR#443624-F1, where I specifically request that the PSF for "Sex Offender" be immediately removed from my Inmate Central File. The deisignation was placed into my file by USP-Leavenworth staff, and I have never been convicted of anything remotely resembling a sex offense. My current offense is for Conspiracy to Possess Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and use of a Firearm in a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A). These are clearly not sex ofenses, and the placement of this PSF in my file violates Simmons v. Nash, 361 F.Supp.2d 528 (DCNJ 2003). I have never been convicted of any sex crime, and this designation violates my substantive and procedural due process rights. USP-Leavenworth placed this designation on my file for a conviction for a 4th degree assault and now BOP officials are threatening me with civil commitment under 18 U.S.C. § 4248, and I vehemently protest this action.

~~May 17, 2007~~
DATE

_signature_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JUN 1 1 2007

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
SUBJECT: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

_____
DATE

EXHIBIT H5 OF 6

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN

**Administrative Remedy No. 443624-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request immediate removal of the Sex Offender Public Safety Factor (PSF) applied to your Custody Classification Form. You contend the PSF does not apply to you because you have never been convicted of a sex offense.

The application of PSFs is left to the discretion of the Warden and the Designation and Sentence Computation Center (DSCC) Administrator per Program Statement (P.S.) 5100.08, Inmate Security Designation and Custody Classification. P.S. 5100.08 states the Sex Offender PSF shall be applied when a male or female inmate whose behavior in the current term of confinement **or prior history** includes engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery). P.S. 5100.08 also states that a conviction is not required for application of this PSF if the Presentence Investigation Report (PSI), or other official documentation, clearly indicates the behavior occurred in the current term of confinement or prior criminal history. P.S. 5100.08 stipulates that inmates with a Sex Offender PSF shall be housed in at least a Low security level institution, unless the PSF has been waived.

According to your PSI, your criminal history includes a conviction for 4th Degree Assault in Spokane, Washington. Your behavior involved you forcing the victim down, pulling up her dress, and penetrating her vagina with your penis. We find the PSF for Sex Offender was appropriately applied and the Warden's decision not to initiate a request to waive the PSF to the DSCC Administrator is within his discretion and in accordance with policy. You are a Medium security level inmate with In custody and appropriately housed at USP Marion.

Based on the foregoing, your appeal is denied.

_October 12, 2007_
Date

Harrell Watts, Administrator
National Inmate Appeals

# Bureau of Prisons Begins Certifying Sexually Dangerous Persons

## by David Beneman

BOP has a new tool authorized this summer as part of the Adam Walsh Act. BOP may now "certify" prisoners as "sexually dangerous persons" (SDP). Certification can occur prior to sentencing, or at any time after the commencement, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence. We will all need to pay attention to the risk of this new federal SDP designation. 18 U.S.C. § 4248.

### SDP Commitment

Recently, Federal Public Defenders in New Mexico, South Dakota and Massachusetts have learned that just prior to release, clients are being transferred to the Butner, NC Federal Medical Center and certified as SDPs, based on a caseworker's review of records. We are told that of 500 cases reviewed to date, proceedings have been initiated in 11.

A "sexually dangerous person" is one who "has engaged or attempted to engage in sexually violent conduct or child molestation and . . . suffers from a serious mental illness, abnormality or disorder resulting in serious difficulty refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247. The definition was added to the existing definitional statute in chapter 313 of title 18 which addresses mental disease or defect.

The Attorney General and/or the Director of the Bureau of Prisons may certify that a person is a "sexually dangerous person," 18 U.S.C. § 4248, "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence." 18 U.S.C. § 4241(a). Note that under amended 18 U.S.C. § 3583(k), those convicted of violating 18 U.S.C. § 1201 (kidnapping) involving a minor, or any offense under 18 U.S.C. §§ 1591(sexual trafficking of children), 2241 (aggravated sexual abuse), 2242 (sexual abuse), 2243 (sexual abuse of a minor), 2244 abusive sexual contact), 2245 (sexual abuse resulting in death), 2250 (failure to register as a sex offender), 2251 (sexual exploitation of children), 2251A (selling or buying children), 2252 (activities related to material involving sexual exploitation of minors), 2252A (child pornography),

2260 (production of child pornography), must be placed on supervised release for a mandatory minimum term of 5 years with a maximum of life.

We can expect review by BOP of anything in the PSR. The review may include psychological evaluations submitted by the defendant or ordered by the court for sentencing purposes, previous state or federal sex offenses, and anything in the BOP record, including admissions and other evidence gathered in the course of sex offender treatment or management.

At some point after a certificate has been filed, the person is entitled to an adversarial hearing with the right to counsel, the opportunity to testify, to present evidence, subpoena witnesses, and confront and cross-examine witnesses. 18 U.S.C. § 4246. Criminal Justice Act counsel or a Federal Defender will be appointed for those who qualify. The statute does not contain a timetable for a hearing and the person remains in the custody of the Attorney General or the Bureau of Prisons pending resolution. 18 U.S.C. §§ 4247(d), 4248(a)(b).

### How to Advise Clients

At a minimum, defense attorneys need to advise clients charged with sex offenses or with any hint of sexual impropriety in their record that anything they disclose in the sentencing process, or in sex offender or substance abuse "treatment," or in any conversation with a BOP caseworker or counselor may be used to commit them, possibly for life.

Sex offender treatment is voluntary. Sex offender management appears to be BOP's choice. If a client volunteers for treatment, or is placed in a sex offender management program, then refuses to talk, BOP will assume the worst. If they talk, they run a risk of talking themselves into a § 4248 commitment. Based on the numbers so far, BOP has sought commitments in roughly 2.5 % of cases reviewed. BOP retains the burden of proving that the client is a "sexually dangerous person," BUT the client remains detained pending that hearing and determination. Currently we expect the less BOP has to work with the better. Until we see how widespread SDP commitments are and how the courts will react to these cases, volunteering for treatment carries a real risk. Any management program trying to

remain silent may be nearly impossible depending on the context and the client.

Counsel needs to advise clients on the risks of participating in any voluntary treatment program, the choice not to participate, the option of remaining silent in any mandatory management program, and remind them of the 5th Amendment rights regarding sexual misconduct or thoughts during any interaction or conversations with BOP personnel.

"While the Fifth Amendment does not generally attach in civil commitment proceedings, it may nonetheless apply where a truthful answer might incriminate a defendant in future criminal proceedings or increase his punishment". See: Allen v. Illinois, 478 U.S. 364, 372, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986); Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

"The Government retains the burden of proving facts relevant to the crime at the sentencing phase and cannot enlist the defendant in this process at the expense of the self-incrimination privilege," and no negative inference may be drawn from exercise of right to remain silent. Mitchell v. United States, 526 U.S. 314 (1999)(upholding a Defendant's right to remain silent regarding facts beyond the offense of conviction that may be used to enhance a sentence).

For some ideas, see the cases addressing sex offender treatment which in the past often including use of polygraphs, as a condition of supervised release. These cases look at some of the 5th Amendment issues. Several circuits have endorsed polygraph testing as part of sex offender treatment for those on supervised release. See; i.e.: United States v. York, 357 F.3d 14, 22 (1st Cir. 2004); United States v. Dotson, 324 F.3d 256, 261 (4th Cir. 2003); United States v. Lee, 315 F.3d 206, 213 (3d Cir. 2003); United States v. Zinn, 321 F.3d 1084, 1089-90 (11th Cir. 2003)(a polygraph "may provide an added incentive for the offender to furnish truthful testimony to the probation officer. Such purpose would assist the officer in his or her supervision and monitoring of the appellant.)

A case that stands for stronger 5th amendment rights is United States v. Antelope, 395 F.3d 1128 (9th Cir. 2005 (defendant who had been incarcerated for a refusal to answer questions that he deemed incriminating while on supervised release could raise a Fifth Amendment

FILED
Clerk, U.S. District and

challenge to the revocation of that release.) The case notes the difference between admitting conduct to which you have been convicted vs. uncharged conduct.

On penile plethysmograph testing as a condition of supervised release see *United States v. Weber*, 451 F.3d 552 (9th Cir. 2006)(the particularly significant liberty interest in being free from plethysmograph testing requires a thorough, on-the-record inquiry into whether the degree of intrusion caused by such testing is reasonably necessary to accomplish one or more of the factors listed in § 3583(d)(1) and involves no greater deprivation of liberty than is reasonably necessary given the available alternatives.)

Of the 16 states with Sexually Violent Predator commitment laws, ALL but MN and ND require underlying conviction for a sex offense and most require a violent sex offense (or that the Defendant be found incompetent to stand trial on such an offense). The new federal law (18 U.S.C. § 4248) makes any Defendant in BOP custody potentially eligible, and can result in lifelong civil incarceration that bears no relationship to underlying federal offense. The burden of proof in many states is beyond a reasonable doubt and most states require or at least allow for jury trial. The federal law uses a "clear and convincing" standard. The procedure is outlined in 18 U.S. C. § 4247 and § 4248 and is generally the same as used for a mental health civil commitment. Commitment hearings will occur in the district where the defendant is held (i.e. location of the prison), not the district which handled the underlying federal criminal conviction.

### Sex Offender Treatment and Management Programs

BOP currently has one sex offender treatment program (SOTP) at Butner with 112 beds, and a sex offender management program (SOMP) at Devens with 400 participants. In the Adam Walsh Act, Congress directed BOP to expand these programs. See 18 U.S.C. § 3621(f)(1). According to Dr. Andres Hernandez, the Director of Sex Offender Treatment for BOP, the BOP is "actively working to expand sex offender services by implementing SOMPs and SOTOs, as well as a forensic evaluation service." See Statement of Andres E. Hernandez before the Subcommittee on Oversight and Investigations, Committee on Energy and Commerce, U.S. House of Representatives (hereinafter Hernandez Statement), also available at http://energycommerce.house.

gov/108/Hearings/09262006hearing2039/Hernandez.pdf.

BOP counts as "sex offenders" those serving a sentence for a sex offense and those with any sex offense in their history. This regulation has been struck down for including past offenses, but it remains on the books and BOP continues to follow it. See: *Fox v. Lappin*, 409 F. Supp.2d 79 (D. Mass. 2006) (enjoining BOP from notifying local jurisdiction under section 4042(c) of release of prisoner serving federal felon in possession sentence based on 1981 state sex offense); *Simmons v. Nash*, 361 F.Supp.2d 452 (D.N.J. 2005) (enjoining BOP from notifying local jurisdiction under section 4042(c) of release of prisoner serving federal drug sentence based on 1983 state offense of attempting to promote adult prostitution). See *United States v. Whitney*, 2006 U.S. Dist. LEXIS 74524 (D. Mass. Oct. 26, 2006)(Civil commitment sought for drug defendant with a juvenile history of sexual assaults).

Prisoners participating in the SOTP do so on a voluntary basis, are subjected to polygraph exams and penile plethysmography, must accept responsibility for their "crimes," and are either required or encouraged to admit previously undetected offenses and bad thoughts. BOP keeps a record of all of this. Dr. Hernandez used this information in studies, which he reported to treatment professionals and to Congress, finding that while only a small percentage of Internet offenders had known contact offenses at the time

of sentencing, over 80% disclosed contact offenses during "treatment." Dr. Hernandez concluded, "these Internet child pornographers are far more dangerous to society than we previously thought." See Hernandez Statement.

Sex offender management involves "risk assessment" and "management." This apparently is not voluntary. It is a way to segregate sex offenders and control what they do, say and read. It may also involve disclosure of undetected offenses and bad thoughts.

Dr. Hernandez' testimony seems to push for a BOP assumption that regardless of what our clients have actually been convicted of, or admitted, most "sex crime" related clients are dangerous, serial hands-on sex abusers. For example, Dr. Hernandez says, "Eighty-five percent of inmates [convicted of possessing or distributing child pornography] were in fact contact sexual offenders, compared to only 26 percent known at the time of sentencing." His message; in reality the "lookers" are really "touchers" so they are dangerous. As for his facts, those come from the self confessions of those he and the BOP work with. ∎

*My thanks to fellow defender Miriam Conrad for much of the SDP information in this article.*

*David Beneman is a Federal Defender in Portland, Maine. Any opinions expressed of those of the author and do not represent a specific position of the Federal Defender or the U.S. Courts.*

# CAGED TALENT
## www.cagedtalent.com

## ATTENTION ARTIST AND CRAFT MAKERS

### SHOWCASE YOUR TALENTS ON OUR NATIONAL WEBSITE
### UNLIMITED POSTINGS FREE
### YOU RECEIVE 75% OF EACH SALE

### CONTACT:
### GAGED TALENT LLC.
### 3157 North Rainbow Blvd. Suite 425
### Las Vegas, Nevada 89108-4578
### Please Do Not Send Items until You Are a Member

# THE SOUTHERN ILLINOISAN    WEDNESDAY, MAY 23, 2007

**Professional**

We are soliciting for a full time, permanent FORENSIC PSYCHOLOGIST GS-0180-12 position, with promotion potential to a GS-13, to work with medium security-level inmates in the Sexual Offender Management Program. The incumbent's primary duty will involve the civil commitment of sexually dangerous inmates. The salary range is $63,417.00 to $98,041.00. For more information please contact the Employee Services Department at 618 964-2070.

# Judge: Sex offenders can't be held over

RALEIGH, N.C. — The U.S. government cannot keep sex offenders in custody beyond the end of their prison sentences, a federal judge has ruled, striking down a law aimed at holding some in mental hospitals.

Federal prison officials have moved to prevent the release of five men at a facility in North Carolina, arguing that the men fit the category of "sexually dangerous."

The process of holding such offenders at hospitals, known as civil commitment, was approved under a federal law signed in 2006. The prisoners won't be released immediately because U.S. District Court Judge W. Earl Britt suspended the decision until the government has a chance to file a formal motion to stay.

EXHIBIT 14 OF 4

```
MARFW  007.00 *           MALE CUSTODY CLASSIFICATION FORM      *      04-13-2007
PAGE 001 OF 001                                                       13:32:51
      REGNO: 19271-047              FORM DATE: 01-30-2007                 ORG: LVN
(A) NAME....: CLOW                  CHESTER      ALLEN
DES FACL/LEV: MAR SOMP   /MEDIUM    MGTV: NONE
PURSFTY: SEX OFFN,SENT LGTH         MVED:
(B) DETAINER: (0) NONE              SEVERITY.......:*(3) MODERATE
MOS REL.....: 124                   CRIM HIST SCORE:*(08) 10 POINTS
ESCAPES.....:*(1) > 10 YRS MINOR    VIOLENCE.......:*(4) 10-15 YRS SERIOUS
VOL SURR....: (0) N/A               AGE CATEGORY...:*(2) 36 THROUGH 54
EDUC LEV....: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (1) <5 YEARS
(C) TIME SERVED.....: (3) 0-25%     PROG PARTICIPAT: (0) POOR
LIVING SKILLS.......: (1) AVERAGE   TYPE DISCIP RPT: (2B) > 1 MOD
FREQ DISCIP REPORT..: (1) 2-5       FAMILY/COMMUN..: (4) GOOD
=========================== LEVEL AND CUSTODY SUMMARY ===========================
BASE  CUST  VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
 +19   +11    +3       +22         MEDIUM    N/A               IN      INCREASE
(D) TYPE REVIEW    NEW CUSTODY  APPROVED:____YES____NO  NEXT REVIEW:_____
    ___REGULAR       ___MAX
    ___EXCEPTION     ___IN     CHAIRPERSON SIGNATURE....: _____
                     ___OUT    WARDEN/DESIGNEE SIGNATURE
                     ___COM      FOR EXCEPTION REVIEW: _____


REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:




COPY: CENTRAL FILE, SECTION TWO
      INMATE


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT J1 OF 1

08 1121
FILED
JUN 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

December 17, 2007

Chester Allen Clow
Reg. No. 19271-047
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois  62959

United States Probation Services
655 1st Avenue North
Suite 370
Fargo, North Dakota  58102

Re:  Presentence Report inaccuracies; 5 U.S.C. § 552(a)

To Whom It May Concern:

This letter is meant to give your office formal notice fo the fact that my Presentence Investigation Report ("PSR"), as prepared by your office to aid the United States District Court in determining a sentence in United States v. Clow, contains factual inaccuracies. Furthermore, these factual inaccuracies have prejudiced me in my treatment at the hands of the Bureau of Prisons ("BOP").

Specifically, the statements in the PSR referenced as paragraphs 136 and 137 (page 31) regarding a 4th degree asssault in Spokane County, Washington contain factual inaccuracies.  (Docket No. F932204) While it is true that I entered an Alford plea to the 4th degree assault, the activities described in paragraph 137 did not occur. The description in this paragraph could have only come from an un-substantiated police report, which was completely disproven prior to the entry of my plea.  As such, this paragraph is based on wholly unreliable information, and I request that it be removed from my PSR immediately.

Your office is required, as a federal agency, to keep accurate re-cords about me pursuant to the Privacy Act, 5 U.S.C. § 552(a). Since I can find no administrative remedy to pursue with your office in regards to this inaccurate information, please be advised that this letter is meant to exhaust the only remedy I can find to be available to correct your records.

As such, I would request immediate relief and the expungement of paragraph 137 from my PSR.  Failure to act upon this request will be deemed as full exhaustion of my remedies.  Upon exhaution, I will file a cause of action for injunctive relief as well as damages.

Should your office fail to respond within thirty days from the date of this letter, I will pursue this matter in court.

Sincerely yours,

Chester Allen Clow

**08 1121**

**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

EXHIBITK1 OF 2

# UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE
## DISTRICT OF NORTH DAKOTA

**Wade H. Warren**
Chief U.S. Probation Officer

655 1ˢᵗ Avenue North, Suite 370
Fargo, N.D. 58102
Tel. (701) 297-7200
Fax (701) 297-7205

January 2, 2008

Chester Clow
Reg. No. 19271-047
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

RE:     Presentence Report

Dear Mr. Clow:

The information contained in the paragraph you are referencing was obtained from police reports and court records received from Spokane County, Washington. Your attorney viewed all of the records and reports we obtained that were used to complete this report during the dispute resolution process according to Rule 32 of the Federal Criminal Code and Rules. Both your attorney and myself attempted to obtain information that the victim in this case recanted her claims to law enforcement. However, no information could be located. As such, no information was received to show that the information contained in the police report and later presentence report was inaccurate.

Sincerely,

Jim Corbid
U.S. Probation and Pretrial
Services Officer

JAN 5 · 2008

EXHIBIT K2 OF 2

I
08-1121
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*Chester Allen Clow*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*Pro Se (PR)*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
**# 19271-047**

## DEFENDANTS

*Federal Bureau of Prisons, et al.,*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T

Case: 1:08-cv-01121
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/30/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

④

| □ **G. Habeas Corpus/ 2255**<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H. Employment Discrimination**<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ **I. FOIA/PRIVACY ACT**<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J. Student Loan**<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K. Labor/ERISA (non-employment)**<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L. Other Civil Rights (non-employment)**<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M. Contract**<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N. Three-Judge Court**<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding □ 2 Removed from State Court □ 3 Remanded from Appellate Court □ 4 Reinstated or Reopened □ 5 Transferred from another district (specify) □ Multi district Litigation □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (A) Privacy Act

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □   ACTION UNDER F.R.C.P. 23   **DEMAND $** 0   Check YES only if demanded in complaint
**JURY DEMAND:** □ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES ☒ NO   If yes, please complete related case form.

**DATE** 6/30/08   **SIGNATURE OF ATTORNEY OF RECORD** NCO

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms/js-44.wpd