UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **CHESTER ALLEN CLOW,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08cv01121 (ESH) |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **UNITED STATES PROBATION OFFICE** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's complaint. Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court is required to screen and dismiss a prisoner's complaint or portions thereof as soon as feasible if the complaint, among other things, fails to state a claim for which relief can be granted. 28 U.S.C. § 1915. That is the case here.

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a claim *sua sponte* for failure to state a claim so long as "a sufficient basis for the court's action is apparent from the plaintiff's pleading." *Tate v. Burke*, 131 F.R.D. 363, 364 (D.D.C. 1990) (quoting *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir. 1986)). More specifically, the Prison Litigation Reform Act (PLRA), codified as 28 U.S.C. § 1915(e)(2)(B)(ii), "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, a complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff is a federal prisoner who is currently confined at the Federal Correctional

Institution in Marion, Illinois. (Compl. at 7.) He brings this action against the Federal Bureau of Prisons ("BOP") and the United States Probation Office ("USPO") under the Privacy Act, 5 U.S.C. § 552a (2004). (*Id.* at 1.) The United States Probation Office, as a court unit, is not subject to the requirements of the Privacy Act. *See* 5 U.S.C. § 551(1)(B) (excluding courts from the definition of agency); *DeMartino v. F.B.I.*, 511 F.Supp.2d 146, 148 (D.D.C. 2007). The USPO must therefore be dismissed.

With respect to the BOP, plaintiff alleges that his Presentence Investigation Report ("PSR") improperly includes unverified police reports pertaining to prior allegations of forcible second degree rape which were dismissed with prejudice when plaintiff pled guilty to fourth degree assault based on the same incident. (Compl. at 4.) Plaintiff further alleges that as a result of that inaccurate information he was assessed a Public Safety Factor of "sex offender" and faces the possibility of lifetime civil commitment under the Walsh Act, 18 U.S.C. § 4248, as well as increased risk of assault by his fellow inmates. (Compl. at 6-7.) He seeks amendment of his PSR, removal of the "sex offender" Public Safety Factor from his custody data, and compensatory and punitive damages[1] in the amount of $500,000 each. (*Id.* at 9-10.)

The Privacy Act requires that each covered agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may request amendment of an agency's records pertaining to him, 5 U.S.C. § 552a(d), and may file a civil action against the agency for violations of either

---

[1] Punitive damages are not available under 5 U.S.C. § 552a(g)(4). *Visintine v. Bureau of Prisons*, No. 00-742, 2007 WL 1020817, at *2 (D.D.C. Mar. 31, 2007).

of those subsections. 5 U.S.C. §552a(g). Under the BOP's regulations, however, the BOP's Inmate Central Records System is exempted from both the accuracy and amendment provisions of the Privacy Act. 28 C.F.R.§ 16.97(a), (j). Plaintiff requests amendment of his PSR and of his Custody Classification Form, which contains his designation as a "sex offender." (Compl. at 9.) Because both of those documents are maintained in the Inmate Central Records System, plaintiff cannot, as a matter of law, seek amendment of the documents or damages based on the BOP's alleged failure to maintain accurate records. *See, e.g.*, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C.Cir. 2006) (per curiam) (affirming district court's dismissal of Privacy Act claims against BOP because Inmate Central Record System is exempt from accuracy provisions of Privacy Act); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (barring claim for amendment of PSR because regulations exempt PSRs from amendment provisions of Privacy Act).

Accordingly, because it is absolutely clear from the face of plaintiff's complaint that he cannot state a claim against the BOP, his action will be **DISMISSED** with prejudice.[2]

                            /s/
                        ELLEN SEGAL HUVELLE
                        United States District Judge

Date: July 9, 2008

---

[2] Plaintiff is advised that a dismissal for failing to state a claim qualifies as a strike under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* in federal court once he has brought three or more actions which were dismissed under certain conditions.