IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**RECEIVED**

**JUL 2 2 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

CHESTER ALLEN CLOW,                          )
                                             )
              Plaintiff,                     )
                                             )
v.                                           )   Civ. No. 1:08-cv-1121-ESH
                                             )
FEDERAL BUREAU OF PRISONS,                   )   The Hon. Ellen Segal Huvelle,
UNITED STATES PROBATION OFFICE,              )   United States District Judge
                                             )
              Defendants.                    )

PLAINTIFF'S MOTION TO ALTER OR AMEND
JUDGEMENT PURSUANT TO FED.R.CIV.P. 59(e)

COMES NOW, CHESTER ALLEN CLOW, pro se Plaintiff in the above styled action, and respectfully moves this Honorable Court to alter, amend, or otherwise vacate or reconsider the FINAL ORDER entered in this action on July 9, 2008. Plaintiff, a pro se federal prisoner, has placed this motion into the prison mailbox designated for "Legal Mail" within ten days of the entry of the FINAL ORDER, and as such, PLaintiff makes this motion as a timely pleading pursuant to Fed.R.Civ.P. 59(e). In support of this motion, Plaintiff respectfully submits the following:

A.    HISTORY OF THE PROCEEDINGS

This action has had a miniscule lifespan, and hence, the history of the proceedings should be brief. Nonetheless, the brevity of the ultimate dismissal by this court, coupled with Plaintiff's pro se status, is material to the disposition of this motion, and thus must be addressed.

Plaintiff filed a Complaint asserting that the Federal Bureau of Prisons ("FBOP") and the United States Probation Office ("USPO") had violated specific sections of the Privacy Act. 5 U.S.C. § 552a.

1

Plaintiff accused each agency of maintaining and keeping Plaintiff's

Presentence Investigation Report ("PSR") with inaccurate informa-

tion.  Plaintiff asserted that sections of the PSR are based upon

unreliable and unverified allegations of forcible second degree rape,

and that these sections of the PSR were being used to make adverse

determinations against Plaintiff by Defendants.  Thus, Plaintiff

was seeking damages and injunctive relief pursuant to 5 U.S.C. §§

552a(e)(5), 552a(g)(1)(c), and 552a(g)(4).  This Complaint was filed

in this Court on May 27, 2008.

On June   , 2008, Plaintiff received notice from the Clerk of

this Court that his pleadings were insufficient on their face, and

were being returned so that Plaintiff could correct the errors which

the Clerk alleged to exist in the pleadings.  Plaintiff never re-

sponded to this request due to collateral time constraints imposed

by Plaintiff's prison job.

On June 30, 2008, the Honorable Judge Urbina issued an Order

granting Plaintiff in forma pauperis status under the Prison Liti-

gation Reform Act. ("PLRA")  Judge Urbina ordered that Plaintiff's

Inmate Trust Account be charged an intial $51.67 as an initial par-

tial filing fee, with twenty percent (20%) of all future deposits

in this Inmate Trust Account charged until the entire $350.00 filing

fee was satisfied.  Plaintiff received this Order on July 13, 2008.

On July 14, 2008, the $51.67 was taken off the Inmate Trust Account

along with 20% of Plaintiff's monthly prison paycheck ($2.00 out

of a total of $10.00 charged to pay $350.00 fee).

While the funding strategy for the suit was being undertaken,

this Court was undertaking the mandatory screening of the action

pursuant to the PLRA, 28 U.S.C. § 1915(e)(2)(B)(ii).  In a MEMORAN-
DUM OPINION entered by this Court on July 9, 2008, it was decided
that Plaintiff failed to prove any set of facts in support of his
claim which would entitle him to relief as to both Defendants.  As
such, this Court issued a FINAL ORDER dismissing the Complaint with
Prejudice.   This FINAL ORDER was also entered on July 9, 2008.

Plaintiff now asserts that the MEMORANDUM OPINION is in error
as to the extent of Defendant FBOP's exempted status regarding Pri-
vacy Act claims made pursuant to 5 U.S.C. §§ 552a(e)(5), (g)(1)(C),
and (g)(4).  Moreover, Plaintiff asserts that the dismissal with
prejudice impermissibly disallows him from amending his Complaint
pursuant to Fed.R.Civ.P. 15(a), and this is manifestly unjust.  Plain-
tiff thereby satisfies the requirements of Rule 59(e), and Plaintiff
humbly requests that this Court grant this Motion.

### B.   RULE 59(e)

Rule 59(e) requires that the motion be made within ten days
of the FINAL ORDER.  This motion was placed in the prison mailbox
reserved for "Legal Mail" on July  18, 2008, and is therefore timely
made.

A Rule 59(e) motion is clearly a discretionary motion.  The
district court may grant such a motion if, inter alia, the moving
party can show either of the following: 1) the need to correct a
clear error; or 2) the need to prevent manifest injustice.  Fire-
stone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1995).  Plaintiff
asserts that each of these rationales merit the granting of this
motion, and he will establish each separately below.

C.   THE NEED TO CORRECT A CLEAR ERROR

Plaintiff asserts that this Court erred in holding that Defendant FBOP is exempt from all Privacy Act claims which seek to remove inaccurate statements from a PSR, which is held in the FBOP's Inmate Central Records System.  See MEMORANDUM OPINION, p. 3.  The reasoning of this Court is that 28 C.F.R. §§ 1697(a) and 1697(j) fully exempt these records from the ambit of the Privacy Act.  This Court also cites White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) and Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) in support.  Plaintiff asserts that the exemption that exists under these federal regulations and authorities are not unqualified, as indicated by Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992)(favorably cited in White, 148 F.3d at 1125).

Plaintiff is not contesting portions of the PSR which rise to the level of "legal conclusions that aided the sentencing court in computing the length of his sentence."  White, 148 F.3d at 1125.  Instead, Plaintiff's claim is exactly like that found in Sellers.  Plaintiff is asserting that there are inaccurate factual statements in the PSR which are being used to make adverse collateral decisions wholly apart from his underlying federal sentence.  In short, unlike White, Plaintiff is not seeking to utilize the Privacy Act to collaterally attack his sentence.  It is this distinctive difference that perited Sellers, and should now permit Plaintiff, to supercede the qualified expemtion of Defendant FBOP in this action.

The inaccurate information is not being used to forward any law enforcement purpose.  In fact, the most adverse consequence of

the complained of inaccuracies revolves around the potential for
lifetime <u>civil</u> commitment under the Adam Walsh Act of 2007.  18
U.S.C. § 4248.  It is beyond dispute that civil commitment proceed-
ings do not rise to the level of affecting a "law enforcement pro-
cess," due to the civil nature of the proceedings.  Civil commit-
ment is plainly not a criminal proceeding.  As such, the qualified
exemption described in 28 C.F.R. § 16.97(k) controls this action.

Section 16.97(k) modifies and qualifies the exemption found
in § 16.97(j), stating:

> "These exemptions apply only to the extent that informa-
> tion in this system is subject to exemption pursuant to
> 5 U.S.C. 552a(j).  Where complaince would not appear to
> interfere with or adversely affect the law enforcement
> process, and/or where it may be appropriate to permit
> individuals  to contest the accuracy of the information
> collected, e.g. public source materials, or those supplied
> by third parties,the applicable exemption may be waived,
> either partially or totally, by the Bureau."

This case presents a classic example of this exception, just as did
<u>Sellers</u>.  Plaintiff is not attempting to correct an inaccuracy which
might be used to criminally prosecute him the future.  Plaintiff
is not seeking to correct a perceived inaccuracy which would some-
how collaterally invalidate the sentence he is presently serving.
Rather, Plaintiff is properly attacking an inaccuracy that the FBOP
obtained from a third party which is having civilly adverse conse-
quences.

Plaintiff therefore humbly asserts that the Complaint filed
fits within the narrow framework for Privacy Act claims against the
FBOP as described in <u>Sellers</u> and favorably referenced in <u>White</u>.
Plaintiff requests reconsideration of the Complaint, and vacature
of the FINAL ORDER pursuant to the authority of Rule 59(e), with
a specific holding that the civil action may proceed against Defen-

dant FBOP.    Such action will rectify the erroneous holding that the
FBOP holds blanket exemption from all actions pursuant to the Pri-
vacy Act, as both Sellers and White demonstrate that this opinion
is not supported as a matter of law.

### D.    MANIFEST INJUSTICE

Petitioner also asserts that this action presents an issue which
merits this Court's granting its discretionary powers under Rule 59(e)
in order to prevent manifest injustice.    Again, Plaintiff rests this
assertion on the contrary holdings between this Court in the FINAL
ORDER and the opinion in Sellers.

As stated above, the underlying Complaint in this action mirrors
that in Sellers.    Plaintiff is seeking to have the FBOP remove those
inaccurate statements in his PSR which are having adverse consequences
wholly unrelated to the criminal sentence he is now serving.    As such,
the action is related closely to Sellers, while being distinguishable
from the complaint lodged in White.    In fact, the White panel clearly
states that, had White been arguing a case akin to Sellers, the re-
sult would be different.    White, 148 F.3d at 1125.

There is, however, a major difference which warrants this Court's
granting of this motion to prevent a manifest injustice.    Sellers
presented claims that the inaccurate PSR statements were having the
effect of causing the United States Parole Commission to deny his
early release from prison.    Sellers, 959 F.2d at 308.    Sellers also
claimed that the inaccuracies in the PSR "adversely affected deter-
minations by the Bureau of Prisons regarding custody and security
classifications, job and quarters assignments, and the opportunity
to earn money and good time."    Id., 959 F.2d at 309.    Frankly, these

claims pale in comparison to Plaintiff's here.

Plaintiff is not asserting that the PSR inaccuracies will some-how prevent his early release from prison, but rather that they will serve to ensure that he never is released from custody at all. Plain-tiff is serving time now for a federal drug offense. Plaintiff has never been convicted of any sexual crime. Still, based upon the inaccurate third party statements, the FBOP has unequivocally threatened Plaintiff with lifetime civil commitment under the Walsh Act. Lest this Court take a dismissive attitude towards the real and unprecedented power that the Walsh Act has bestowed upon the FBOP to seek such a lifetime incarceration, the issue has already been addressed in a federal venue. United States v. Comstock, 507 F.Supp.2d 522 (E.D.N.C. 2007).

Moreover, the district court in Comstock succinctly addressed the fact that the power afforded by the Walsh Act endowed the FBOP with the power to civilly commit those who had never been charged or convicted with a sex crime. Id., 507 F.Supp.2d at 534 . The most chilling aspect of the Comstock case revolves around the fact that, after losing this battle, the FBOP simply moved the war to another venue. Unit I at USP-Marion has been designated as a sec-ret detention facility with blacked windows and purportedly unknown detainees. In fact, the eight inmates now housed in Unit I at USP-Marion are the "winners" in Comstock. The jurisdictional ambit of Comstock has thereby been breeched through the transfer to the Mid-dle District of Illinois.

In sum, the FINAL ORDER in this case threatens to create a man-ifest injustice. The action is nearly identical to Sellers, but

7

stakes are much higher.  Sellers was worried about early release, whereas Plaintiff is worried if he will _ever_ be released.  The third party statements in the PSR are clearly adversely affecting Plaintiff's treatment by the FBOP.  It cannot be anything but manifestly unjust to have permitted Sellers the opportunity to make and win his complaint while denying Plaintiff the same opportunity.

As such, Plaintiff humbly requests that this Honorable Court grant this motion pursuant to Rule 59(e) to ensure that a manifest injustice is avoided.  Plaintiff specifically requests that this Court vacate the FINAL ORDER and issue an Order dismissing the United States Probation Office, but allowing the Complaint to proceed against the Federal Bureau of Prisons.

E.   LEAVE TO AMEND COMPLAINT

In the alternative, should this Court disagree with the above, Plaintiff would seek to amend the FINAL ORDER to dismiss the Complaint with leave to amend the Complaint pursuant to Fed.R.Civ.P. 15(a). Plaintiff asserts that any fault with the pleadings to date have certainly been the result of his pro se status.  As an imprisoned, pro se litigant, Plaintiff's pleadings should be construed liberally.  Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (D.C. Cir. 1993)(citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Plaintiff has shown above that the history of the proceedings in this action were lightning quick.  No sooner had the money been removed from Plaintiff's Inmate Trust Account than the action was dismissed with prejudice.  It has already been established above that the Complaint was remarkably similar to the successful action in Sellers.  Thus, the dismissal with prejudice amounts to an un-

fair closing of a pro se litigant's opportunity to seek redress of his grievances in court.

Many courts have addressed this exact issue.  See <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998)(per curiam)(noting that a district court generally errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend); and <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000)(en banc)(same); <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794 (2nd Cir. 1999); <u>Perkins v. Kansas Dep't of Corrections</u>, 165 F.3d 803. 806 (10th Cir. 1999)(same).  Here, Plaintiff's claims are so similar to those in <u>Sellers</u>, it is difficult to conceptualize an amended complaint that could not achieve relief.  Thus, the FINAL ORDER should have given Plaintiff leave to amend under Rule 15(a).  <u>Davis v. District of Columbia</u>, 158 F.3d 1342, 1349 (D.C. Cir. 1998).

Moreover, additional facts would be relevant in light of those complaints raised in <u>Sellers</u>.  The inaccuracies in the PSR have led to a plethora of adverse decisions by the FBOP.  Like Sellers, Plaintiff's custody and security classifications have been increased due to the Public Safety Factor which has been placed on his Inmate Central File as a result of the PSR.  Plaintiff's quarters were immediately changed from a prison near his family (USP-Leavenworth) to the much more distant USP-Marion.  This was to place Plaintiff in the involuntary and indeterminate Sex Offender Management Program ("SOMP") which is only imposed at USP-Marion.  The Public Safety Factor precludes Plaintiff from being given up to 12-months of Halfway House designation, a benefit recently given to all other federal

inmates under the Second Chance Act of 2008.    Additionally, Plaintiff is absolutely precluded from ever being placed into a minimum security facility solely on the basis of the sex offender Public Safety Factor.    Clearly, these facts approach and supercede those asserted by Sellers in his own Privacy Act complaint.

Plaintiff therefore humbly requests that this Honorable Court amend the FINAL ORDER from a dismissal with prejudice to a dismissal with leave to amend.    Plaintiff has already asserted facts which would meet the threshold for success in light of Sellers.    The additional facts raised above only provide more compelling reasons to permit Plaintiff to proceed against Defendant FBOP with leave to amend the complaint under Rule 15(a).

F.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant this motion as to all issues raised above.

Respectfully submitted by:

Chester Allen Clow, pro se
Reg. No. 19271-047
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois   62959

CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing was mailed, U.S. First Class postage prepaid, on this, the 18th day of July 2008, addressed to the following:

Federal Bureau of Prisons
Office of General Counsel
320 First Street, N.W.        and
Washington, D.C. 20001

United States Probation Office
333 Constitution Avenue, N.W.
Room 2800
Washington, D.C. 20001

I hereby certify that the above statement is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

_____          7-18-08
Chester Allen Clow                  Date