UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| CHESTER ALLEN CLOW,  )<br>  )<br>　　　　　　　Plaintiff,  )<br>  )<br>　　v.  )　Civil Action No. 08cv01121 (ESH)<br>  )<br>FEDERAL BUREAU OF PRISONS,  )<br>UNITED STATES PROBATION OFFICE  )<br>  )<br>　　　　　　　Defendants.  )<br>  ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In his complaint, plaintiff alleged that the Federal Bureau of Prisons ["BOP"] included inaccurate information in his Presentence Investigation Report ["PSR"] in violation of the Privacy Act, 5 U.S.C. § 552a (2004), and that plaintiff suffered adverse custody determinations as a result of that inaccurate information. (Compl. at 4-7.) In its July 9, 2008 Order, the Court dismissed plaintiff's complaint *sua sponte* for failure to state a claim on which relief may be granted, concluding that BOP's regulations exempting its Inmate Central Records System from sections (d), (e)(5), and (g) of the Privacy Act precluded plaintiff's claims. Because this ruling was legally correct, the Court will deny plaintiff's motion.

A Rule 59(e) motion to alter or amend judgment "'is discretionary' and need not be granted unless the district court finds that there is [a] . . . 'need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1995) (quoting *National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1993)).

Plaintiff first claims that the Court erred in holding that the BOP is exempt from all Privacy Act claims which seek amendment of a PSR. (Mot. at 4.) Plaintiff argues that BOP's exemption is qualified by Section 16.97(k) of the BOP's exemption regulation. Section 16.97(k) provides:

> Where compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public sources materials, or those supplied by third parties, the applicable exemption *may be waived, either partially or totally, by the Bureau*.

28 C.F.R. § 16.97(k) (emphasis added). Rather than controlling the outcome of this action, as plaintiff asserts (Mot. at 5), the language of the regulation is permissive, and so it is BOP's decision to waive the exemption. *Rodriguez v. Bureau of Prisons*, No. 06-0034, 2007 WL 779057, at *3 (D.D.C. Mar. 8, 2007); *Simpson v. Federal Bureau of Prisons*, No. 05-2295, 2007 WL 666517, at *3 (D.D.C. Mar. 2, 2007). Because plaintiff "does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption," *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006), the Court concludes that the exemption applies.

Plaintiff's next argument is that dismissing his complaint will result in manifest injustice. (Mot. at 6.) In making this argument, he relies on *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), in which a dismissal of a Privacy Act claim was reversed, and the case was remanded "to determine whether the Bureau of Prisons and the Parole Commission wilfully or intentionally failed to maintain Mr. Sellers's records in accordance with sections (e)(5) and (g)(1)(C) of the Act." *Id.* at 312. Plaintiff asserts that "[i]t cannot be anything but manifestly unjust to have permitted Sellers the opportunity to make and win his complaint while denying

Plaintiff the same opportunity." (Mot. at 8.) However, despite the factual similarities to Sellers' case, that case does not provide any help to plaintiff here. At the time of the *Sellers* decision in 1992, the BOP had not yet promulgated the regulation exempting its Inmate Central Records System from Section (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97 (1992). As such, Sellers was permitted to argue the merits of his claim of a violation of (e)(5), whereas plaintiff's claim is precluded by 28 C.F.R. § 16.97(j). There can thus be no manifest injustice here in dismissing plaintiff's complaint.

Alternatively, should the Court disagree with his substantive arguments, plaintiff requests that the Court amend the Order to dismiss the complaint with leave to amend. (Mot. at 8.) Although plaintiff is correct that Rule 15(a) permits a party to amend his complaint at any time before a responsive pleading has been filed, Fed. R. Civ. P. 15(a), in the instant case the amendments plaintiff proposes would have no effect on the outcome of the case. Plaintiff proposes to include additional facts regarding the adverse decisions made by the BOP as a result of the alleged inaccurate information. (Mot. at 9-10.) However, the BOP's regulations exempting its Inmate Central Records System from the relevant Privacy Act sections are unaffected by the severity of any adverse determinations resulting from inaccurate information. Because those regulations "effectively deprive[] plaintiff of any remedy . . . for BOP's alleged failure to maintain its records with the requisite level of accuracy," *Simpson*, 2007 WL 666517, at *2, no amendment to plaintiff's complaint could alter the outcome of the instant action.

For the foregoing reasons, plaintiff's Motion to Alter or Amend Judgement Pursuant to Fed. R. Civ. P. 59(e) is **DENIED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 25, 2008